1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                  **SOUTHERN DISTRICT OF CALIFORNIA**
10

| 11 | ANITA SOUPHALITH, | CASE NO. 06-CV-1410-H (AJB) |
|---|---|---|
| 12 | Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR |
| 13 | vs. | SUMMARY JUDGMENT, DENYING DEFENDANT'S |
| 14 | MICHEAL J. ASTRUE, | CROSS-MOTION FOR SUMMARY JUDGMENT, AND |
| 15 | Commissioner of Social Security, | REMANDING CASE FOR ADDITIONAL PROCEEDINGS |
| 16 | Defendant. | |

17
18      On July 13, 2006, plaintiff Anita Souphalith ("Plaintiff") filed a complaint
19  pursuant to section 205(g) of the Social Security Act (the "Act") requesting judicial
20  review of the final decision of the Commissioner of the Social Security Administration
21  ("Commissioner" or "Defendant") regarding the denial of Plaintiff's claim for disability
22  insurance benefits.   (Doc. No. 1.)  On May 18, 2007, Plaintiff filed a motion for
23  summary judgment regarding her § 205(g) claim.  (Doc. No. 14.)  On July 18, 2007,
24  Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's
25  motion for summary judgment.  (Doc. No. 17.)  On August 5, 2007, Plaintiff filed a
26  reply to Defendant's opposition.  (Doc. No. 20.)
27      On August 20, 2007, the Court held a hearing on this matter.  Attorney Mary
28  Adele Mitchell appeared for Plaintiff at the hearing and attorney Jacqueline A.

Forslund appeared for Defendant.  For the following reasons, the Court **GRANTS** Plaintiff's motion for summary judgment and **DENIES** Defendant's cross-motion for summary judgment, reverses the decision of the ALJ, and remands this case to the ALJ for further hearings consistent with this order.

### Background

Plaintiff filed an initial application for Social Security Disability Insurance Benefits on March 10, 2004.  (Tr. 16.)  Plaintiff was denied initially and upon reconsideration by the Social Security Administration ("Administration").  (Id.) Plaintiff filed a request for a hearing on November 17, 2004.  (Id.)

At the time of the hearing, Plaintiff was thirty-nine years old and had an eighth grade education. (Tr. 17.) Plaintiff had past relevant work experience as an electronics assembler. (Tr. 23.) Plaintiff claimed she became unable to work on October 27, 2002 due to hyperthyroidism due to Graves' Disease, back pain, chronic headaches, forgetfulness, weakness, sleep problems, anxiety, depression, fatigue, and allergies. (Tr. 17, 74.)

At the hearing, the administrative law judge ("ALJ") found that Plaintiff had not engaged in substantial gainful activity since October 27, 2000, had "severe" impairments of Graves' Disease and anxiety with depression, but that Plaintiff's impairments, either singly or in combination, did not meet or equal an impairment listed in Appendix 1 to Subpart P of Regulation number 4, 20 C.F.R.  pt. 404, subpt. P, app. 1. (Tr. 17-19.)  The ALJ subsequently found that Plaintiff retained the physical residual functional capacity to perform a full range of heavy work, and the mental residual functional capacity to "understand, remember and carry out simple, one/two step instructions; maintain concentration and attention for simple repetitive work; relate and interact with supervisors and co-workers; and tolerate low job-related stress." (Tr. 20-21.)  Finally, the ALJ found that Plaintiff's past relevant work experience was as an electronics assembler, Dictionary of Occupational Titles ("DOT") number 721.684-022, and that based on Plaintiff's residual functional capacity she could perform work

as an electronics assembler as she performed that occupation, and as that job is generally performed in the national economy. (Tr. 22-23.) The decision became final when the Appeals Council adopted the ALJ's findings by decision dated May 9, 2006. (Tr.4-6.)

## **Discussion**

## I.      **Legal Standards Regarding Review of Denial of Disability Claim**

Section 205(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner.  See 42 U.S.C. § 405(g).  Section 205(g) provides that a District Court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for rehearing.  See id.  The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1988). "Evidence can be 'substantial' if it is more than a scintilla, even though less than a preponderance."  Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001).  The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. See id. If the evidence can support an outcome for either the Commissioner or the claimant, a reviewing court may not substitute its judgment for that of the ALJ.  See id.  Even if the reviewing court finds that substantial evidence supports the Commissioner's decision, however, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his decision.  See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978).

Under the Act, in order to qualify for disability benefits, an applicant must demonstrate that: (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that the claimant

previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).  "If a claimant meets both requirements, he or she is 'disabled.'"  Id.

The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Act.  See id. (citing 20 C.F.R. § 404.1520).  The Ninth Circuit has summarized this process:

> The burden of proof is on the claimant as to steps one to four.  As to step five, the burden shifts to the Commissioner.  If a claimant is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider subsequent steps.

> The five steps are:

> Step 1.  Is the claimant presently working in a substantially gainful activity?  If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits.  If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two.  See 20 C.F.R. § 404.1520(b).

> Step 2.  Is the claimant's impairment severe?  If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits.  If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three.  See 20 C.F.R. § 404.1520(c).

> Step 3.  Does the impairment "meet or equal" one of a list of specific impairments described in the regulations?  If so, the claimant is "disabled" and therefore entitled to disability insurance benefits.  If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and

the evaluation proceeds to step four.  <u>See</u> 20 C.F.R. § 404.1520(d).

Step 4.  Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits.  If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step.  <u>See</u> 20 C.F.R. § 404.1520(e).

Step 5.  Is the claimant able to do any other work?  If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits.  <u>See</u> 20 C.F.R. § 404.1520(f)(1).  If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do.  There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits.  <u>See</u> 20 C.F.R. §§ 404.1520(f), 404.1562.  If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits.  <u>See</u> <u>id.</u>

<u>Tackett</u>, 180 F.3d at 1098-99.

An ALJ has "a duty to fully and fairly develop the record to assure that the claimant's interests are considered."  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 1998).  Ambiguous evidence or an inadequate record to allow for the proper evaluation of the evidence triggers the ALJ's duty to "conduct a proper inquiry."  <u>See</u> <u>id.</u> (quoting <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996)).  Such proper inquiry may be conducted in several ways, including: subpoenaing the claimant's

1   physicians, submitting questions to the claimant's physicians, continuing the hearing,
2   or keeping the record open after the hearing to allow supplementation of the record.
3   Id.; Smolen, 80 F.3d at 1288; Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

4         The decision whether to reverse and remand for further administrative
5   proceedings, or to reverse and award benefits, is within the discretion of the court.  See
6   Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000).  Remand is appropriate "where
7   additional administrative proceedings could remedy defects."  Bilby v. Schweiker, 762
8   F.2d 716, 719 (9th Cir. 1985); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).
9   When the evidence is inconclusive, questions of credibility and resolution of conflicts
10  in the testimony are functions solely of the Commissioner.  See Sample v. Schweiker,
11  694 F.2d 639, 642 (9th Cir. 1982).

12  **II.    Step Four**

13        Plaintiff argues that the ALJ's decision pursuant to step four of the sequential
14  process that Plaintiff could return to her past employment as an electronics assembler
15  as actually performed and as generally performed in the national economy,
16  notwithstanding her residual functional capacity, was not supported by substantial
17  evidence.  Plaintiff points out that the ALJ incorrectly stated that an electronics
18  assembler is an unskilled job, which correlates to a specific vocational preparation
19  level ("SVP") of 1 or 2, when the DOT, which was cited by the ALJ, indicates that the
20  position (DOT number 721.684-022) is a semi-skilled work activity with an SVP of 3.
21  Defendant counters that this error was harmless since SVP is typically considered at
22  step 5 of the sequential process, and the ALJ found that Plaintiff did not meet her
23  burden at step 4.

24        Regardless, the DOT also states that an electronics assembler, DOT 721.684-
25  022, requires a level 2 reasoning development.[1]  The DOT defines a level 2 reasoning

26

27      [1] Although Defendant indicated at oral argument, based on 20 C.F.R.
28  § 404.1560(c), that reasoning development is only considered at step 5 of the
    sequential process, § 404.1560(c) states that the Administration will consider the same
    residual functional capacity at step four and step five of the sequential process.

development as having the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." U.S. Dep't of Labor, <u>Dictionary of Occupational Titles</u> app. C (4th ed. 1991). A level 1 reasoning development, however, is defined as having the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions," and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." <u>Id.</u> Therefore, it appears that the ALJ should not have found that Plaintiff was able to perform the job of an electronics assembler as the job is performed in the national economy, because that requires a level 2 reasoning development (being able to carry out detailed but uninvolved written or oral instructions), while Plaintiff, according to the ALJ's findings, only retains a level one reasoning development (being able to carry out carry out simple one- or two-step instructions (Tr. 21)). <u>See</u> 20 C.F.R. § 416.945(c) ("A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions . . . may reduce your ability to do past work."). Accordingly, the Court concludes that the ALJ's conclusion that Plaintiff is able to perform her past relevant work as an electronics assembler, as that job is performed in the national economy, is not supported by substantial evidence.

A disability insurance benefits claimant may be found to be able to perform her past relevant work, however, either because she can perform her past relevant work as generally performed in the national economy or as it is actually performed. <u>See</u> <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002). The ALJ also concluded that Plaintiff could return to her occupation as performed. (Tr. 23.) This conclusion was made, however, without any substantial analysis. An ALJ must issue a written decision which gives the findings of fact and the reasons for the decision. <u>See</u> 20 C.F.R. §§ 404.953(a), 416.1453(a); <u>see also</u> <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001) ("Although the burden of proof lies with the claimant at step four, the ALJ

still has a duty to make the requisite factual findings to support his conclusion. . . . This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work.").   The Court concludes that the ALJ failed to meet his duty of making specific factual findings regarding the relation of Plaintiff's residual functional capacity to her past work.  Accordingly, the Court reverses and remands this case for further administrative proceedings.  Upon remand, the ALJ should either make a reasoned factual finding that Plaintiff has the residual functional capacity to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations, as required for an electronics assembler as that job is generally performed in the national economy according to the DOT, or make a reasoned factual finding that Plaintiff's past relevant work as actually performed can be performed by Plaintiff despite her mental residual functional capacity that limits her to understanding, remembering, and carrying out simple, one or two step instructions, or proceed to step five of the sequential process.

**III.    Plaintiff's Other Arguments**

Since the Court has concluded this case should be remanded, it declines to address Plaintiff's arguments that the ALJ improperly rejected the opinion of physician assistant Andrea Gasper and failed to consider the opinion of Plaintiff's husband.

<u>**Conclusion**</u>

For the reasons discussed, the Court **GRANTS** Plaintiff's motion for summary judgment and **DENIES** Defendant's cross-motion for summary judgment, reverses the decision of the ALJ, and remands this case to the ALJ for further hearings consistent with this order.  Accordingly, if Plaintiff seeks attorney fees, she may file a petition

/ / /

/ / /

/ / /

pursuant to 42 U.S.C. § 406(b) within <u>thirty days</u> from the filing date of this Order.

The Defendant will have <u>fourteen days</u> thereafter to file an opposition.

     IT IS SO ORDERED.

DATED:  August 21, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

06cv1410