**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANITA SOUPHALITH,<br><br>                     Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                     Defendant. | **CASE NO. 06-CV-01410-H (AJB)**<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

On June 13, 2006, Plaintiff filed a complaint pursuant to section 205(g) of the Social Security Act ("Act") requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") regarding the denial of Plaintiff's claim for disability insurance benefits. (Doc. No. 1.) On August 21, 2007, the Court granted summary judgment in favor of Plaintiff and remanded the case to the administrative law judge ("ALJ") for further hearings. (Doc. No. 22.)

On December 3, 2008, Plaintiff filed the present motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (Doc. No. 24.) The government filed a response on December 17, 2008. (Doc. No. 26.) On December 23, 2008, Plaintiff filed a reply. (Doc. No. 27.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), submitted the motion on the papers on December 16, 2008. (Doc. No. 25.) For the following reasons, the Court grants Plaintiff's motion and awards Plaintiff attorney's fees in the amount

of $13,465.70.

## Discussion

**A.   Award of Fees**

Plaintiff seeks attorney's fees under 28 U.S.C. § 2412, which provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government does not dispute that Plaintiff is a prevailing party. See Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) (applicant is prevailing party for purposes of the EAJA "if the denial of [] benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded").

The phrase substantially justified means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The Supreme Court's definition of the phrase "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id.; see Foster v. Tourtellote, 704 F.2d 1109, 1112 (9th Cir. 1983). In social security cases, the government bears the burden of showing that its position was substantially justified or that special circumstances exist to render an award unjust. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In this case the Court determined that the ALJ's conclusion that Plaintiff is able to perform her past relevant work was not supported by substantial evidence. (Doc. No. 22 at pp. 7-8.) The Court found the ALJ used the incorrect level of reasoning development in the

analysis of Plainitff's ability to perform her past relevant work as the job is performed in the national economy. (Id. at p.7.)  Furthermore, the Court concluded the ALJ failed to meet his duty of making specific factual findings regarding the relation of Plaintiff's residual functional capacity to her past work in his analysis of Plaintiff's ability to perform her past relevant work as it is actually performed. (Id.)  Accordingly, the Court reversed and remanded the case for further administrative proceedings. (Id. at p. 8.)  Under the circumstances, the Court concludes that the government's position was not substantially justified.  Accordingly, Plaintiff is entitled to an award of fees under the EAJA.

The government, in its response, argues that Plaintiff is not entitled to EAJA attorney's fees because the Plaintiff's motion was untimely. (Doc. No. 26 at p.3.)  The EAJA provides that, "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412 (d)(1)(B).  In Social Security cases, the EAJA filing period starts after the district court enters judgment and the appeal period has run, which renders the judgment final and no longer appealable. See Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (holding a sentence four remand becomes a final judgment for purposes of attorneys' fees under the EAJA upon expiration of the time for appeal).  The time for appeal in a civil case in which the federal government is a party ends sixty days after entry of judgment. FED. R. APP. P. 4(a); Shalala v. Schaefer, 509 U.S. 292, 302–03 (1993).  Judgment is considered entered under Rule 4(a) if it has been entered in compliance with Federal Rule of Civil Procedure 58. Id.  Under Rule 58, judgment is entered when the judgment is entered in the civil docket and is set out in a separate document. FED. R. CIV. P. 58(c).

Plaintiff obtained a sentence four remand.[1]  (Id. at p.8.)  Judgment in favor of Plaintiff was entered in the civil docket in a separate document on August 21, 2007. (Doc. No. 23.)  The judgment became final and appealable 60 days later on October 20, 2007.

---

[1] Sentence four of 42 U.S.C. §405(g) provides, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1 See FED. R. APP. P. 4(a); Akopyan, 296 F.3d at 854. Plaintiff then had 30 days in which to file her motion for attorney's fees under the EAJA. See 28 U.S.C. §2412 (d)(1)(A)–(B). Plaintiff, therefore, had until November 19, 2007, to timely file a motion for attorney's fees under the EAJA. Plaintiff did not file her motion until December 3, 2008, more than a year after it would have been timely. The government avers that it did not waive the statutory filing deadline. (Doc. No. 26, Forslund Decl. ¶8.) Although the thirty day time period is not jurisdictional, Scarborough v. Principi, 541 U.S. 401, 413–14 (2004), the time limits for submitting EAJA fee applications are strictly construed because the EAJA is a waiver of sovereign immunity. Arulampalam v. Gonzales, 399 F.3d 1087, 1089 (9th Cir. 2005).

Plaintiff argues in her reply that her application is not untimely because equitable tolling should apply under the facts of this case. (Doc. No. 27 at p.3.) Plaintiff contends that she is entitled to equitable tolling based upon Plaintiff's counsel timely EAJA settlement negotiations with Defendant and the office policy of the Office of the Regional Counsel to waive the EAJA timeliness requirement. (Id.) Equitable tolling is appropriate under the EAJA. As the Supreme Court has explained, "[o]nce Congress waives sovereign immunity, ... judicial application of a time prescription to suits against the Government, in the same way the prescription is applicable to private suits, 'amounts to little, if any, broadening of the congressional waiver.' " Scarborough, 541 U.S. at 421 (applying relation-back doctrine to EAJA fee applications) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)); see also Townsend v. Commissioner of Social Security, 415 F.3d 578 (6th Cir. 2005) (holding equitable tolling applies to EAJA fee petitions). "Equitable tolling focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant. The doctrine of equitable tolling 'has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period.'" Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir. 2003) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005); see also Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990) ("equitable tolling [is permitted] in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complaint has been induced or tricked by the adversary's misconduct in allowing the filing deadline to pass"). Equitable tolling is "not available to avoid the consequences of one's own negligence." Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir.1998).

In light of Plaintiff counsel's diligent pursuit of settlement negotiations with the government concerning EAJA attorneys' fees, the Court concludes that equitable tolling is appropriate in this case.[2] Plaintiff's counsel was under the impression from past experiences with the government, that if she pursued fee settlement negotiations in a timely way, the government would not assert a timeliness argument in response to a motion for EAJA attorneys' fees. (See Doc. No. 27 at pp.3–4; Doc. No. 27, Roche Decl.) Under the circumstances of this case, it was reasonable for Plaintiff's counsel to believe that a timeliness argument would not be asserted. Applying equitable tolling in this case to allow recovery of fees is consistent with, "[t]he specific purpose of the EAJA [] to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Commissioner v. Jean, 496 U.S. 154, 163 (1990). The government has not shown how it will be prejudiced, as equitable tolling in this case will not expose the government to any unfair imposition of fees given the level of success the Plaintiff obtained and the good faith fee settlement negotiations pursued by Plaintiff. Accordingly, equitable tolling of the time limit to file a motion for fees is appropriate under the circumstances of this case.

**B.    Computation of Fees**

Plaintiff's motion includes an itemized statement of the work performed by her attorney in connection with this case. Plaintiff's attorney requests fees at a rate of $170 per hour, for a total of $13,465.70. The government does not oppose Plaintiff's hourly rate request or the asserted number of hours of work performed. (See Doc. No. 26.) The Court

---

[2]Plaintiff's counsel should be aware that the Court may not consider this as an adequate argument for equitable tolling in future cases.

awards Plaintiff the requested fees, not including fees for the asserted 11.83 hours of work performed preparing a reply to Defendant's response to the fee application. (See Doc. No. 27 at pp.13–14.)

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437.) Here, plaintiff's counsel secured a remand after filing a motion for summary judgment. "'Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.'" Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001) (quoting Hensley, 461 U.S. at 435). The EAJA also, "explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

The statute defines "fees and other expenses" as including "reasonable attorney fees," and further provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A cost of living increase should be granted, except in unusual circumstances. Animal Lovers Vol. Assn. v. Carlucci, 867 F.2d 1224, 1227 (9th Cir. 1989) (citing Baker v. Bowen, 839 F.2d 1075, 1084 (5th Cir. 1988)). "To withhold an inflation adjustment without reason would undermine the purpose of EAJA to remove the financial disincentive to challenge wrongful government action." Id. The cost of living increase under the EAJA is calculated according to the consumer price index for urban consumers (CPI-U) for the year in which the fees were earned. Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). Thus, the cost of living adjustment is found by

multiplying the basic EAJA rate by the CPI-U rate for the year in which fees were earned, and then dividing the product by the CPI-U in the month that the EAJA cap was imposed (March 1996 for $125 cap). Id. at 1148–49.

The Court has carefully reviewed the parties' submissions and concludes, first, that under the circumstances a cost of living adjustment is appropriate and the Plaintiff's uncontested requested rate of $170 is reasonable. Second, the Court concludes that the uncontested number of hours asserted by Plaintiff are reasonable, excluding those spent preparing a reply to the government's timeliness argument, for the present matter in light of the success achieved. Accordingly, the Court awards Plaintiff the requested fees of $13,465.70.

**Conclusion**

The Court grants Plaintiff's application for fees under the Equal Access to Justice Act and awards $13,465.70 in fees.

IT IS SO ORDERED.

DATED: January 5, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record.